**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEHEMIAH ROLLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> GERARD F. SMITH, <br><br> Defendant. | Civil Action No. 21-20312 (SDW) (CLW) <br><br> **WHEREAS OPINION** <br><br> December 10, 2021 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Nehemiah Rolle, Jr.'s ("Plaintiff") filing of a Complaint (D.E. 1) against Defendant Gerard F. Smith ("Defendant"), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief,'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiff filed multiple substantively identical complaints before this Court in 2019. *See Rolle v. Smith*, Civ. No. 19-20218, at D.E. 1, 3, 8, 12, and 14. This Court dismissed Plaintiff's complaints in that matter without prejudice and closed the matter. *See id.* at D.E. 6, 11, 13, and 15; and

**WHEREAS** the factual allegations provided in Plaintiff's Complaint remain insufficient to support a claim entitling him to relief.  Plaintiff's allegations are unclear but appear to allege that he was harmed in a municipal court proceeding involving "false and fraudulent legal papers" and over which Defendant presided as judge.  (D.E. 1 at 4.)[1]  Specifically, Plaintiff accuses Defendant of "lying and perjuring himself" by stating that Plaintiff "receive[d] discovery" in the case.  (*Id.* at 5.)  As this Court explained in its orders dismissing Plaintiff's previous complaints,[2] even if this Court assumes the truth of Plaintiff's allegations, his Complaint must be dismissed because judges are absolutely immune to "'civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)) (holding that New Jersey municipal court judges are entitled to absolute judicial immunity); therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

                         /s/ Susan D. Wigenton  
                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc:    Cathy L. Waldor, U.S.M.J.  
        Parties

---

[1] Notably, Plaintiff's complaints in the previous action complained of "false and fraudulent traffic tickets."  *See, e.g.*, *Rolle v. Smith*, Civ. No. 19-20218, at D.E. 12 at 4.

[2] *See Rolle v. Smith*, Civ. No. 19-20218, at D.E. 11 at 2, D.E. 13 at 2 n.1.